FILED
JUL 2 9 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

FILED
JULY 23, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | **JUDGE CONLON** |
| ) | No. 08 CR 521 |
| v. ) | |
| ) | Violations: Title 21, |
| ROBERTO SANCHEZ, ) | United States Code, |
| also known as "Beto;" ) | Sections 841(a)(1), 843(b) |
| RAUL GALLEGOS-ROJAS, ) | and 846; Title 18, |
| also known as "Uncle;" ) | United States Code, |
| MARIO DIAZ, ) | Section 2 |
| also known as "Freddie;" and ) | **MAGISTRATE JUDGE COX** |
| JAVIER CHAVEZ, ) | |
| also known as "Cabezon" ) | **Superseding Indictment** |

COUNT ONE

THE SPECIAL MARCH 2007 GRAND JURY charges:

1.  From at least in or about August 2007 and continuing until on or about June 28, 2008, at Chicago, in the Northern District of Illinois, Eastern Division and elsewhere

ROBERTO SANCHEZ,
also known as "Beto;"
RAUL GALLEGOS-ROJAS,
also known as "Uncle;"
MARIO DIAZ,
also known as "Freddie;" and
JAVIER CHAVEZ,
also known as "Cabezon;"

defendants herein, did conspire with each other and with others known and unknown to the Grand Jury, knowingly and intentionally to possess with intent to distribute and to distribute a controlled substance, namely, five kilograms or more of mixtures containing cocaine, a

Schedule II Narcotic Drug Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

2. It was part of the conspiracy that on multiple occasions, JAVIER CHAVEZ, who was based in California, supplied and caused to be supplied wholesale amounts of cocaine to ROBERTO SANCHEZ for distribution to others. JAVIER CHAVEZ caused multiple kilograms of cocaine to be sent from California to ROBERTO SANCHEZ in the Chicago, Illinois area.

3. It was further part of the conspiracy that JAVIER CHAVEZ sometimes partially "fronted" the cocaine to ROBERTO SANCHEZ, meaning the cocaine was supplied to ROBERTO SANCHEZ without full payment at the time of delivery and ROBERTO SANCHEZ paid JAVIER CHAVEZ for the cocaine later after some or all of the cocaine was sold.

4. It was further part of the conspiracy that RAUL GALLEGOS-ROJAS and others, on behalf of ROBERTO SANCHEZ acted as couriers, transporting cocaine, using hidden or "trap" compartments in vehicles, from JAVIER CHAVEZ in California to ROBERTO SANCHEZ in the Chicago area.

5. It was further part of the conspiracy that on multiple occasions ROBERTO SANCHEZ distributed wholesale quantities of the cocaine which he obtained from JAVIER CHAVEZ to various customers, including MARIO DIAZ. ROBERTO SANCHEZ sometimes "fronted" the cocaine to MARIO DIAZ and other wholesale customers.

6. It was further part of the conspiracy that MARIO DIAZ distributed wholesale quantities of the cocaine which he had obtained from ROBERTO SANCHEZ to various wholesale customers.

7. It was further part of the conspiracy that defendants and other co-conspirators used various locations to store and sell the cocaine.

8. It was further part of the conspiracy that ROBERTO SANCHEZ, along with other co-conspirators, collected the United States currency generated by the sale of the cocaine ("cash narcotics proceeds") from MARIO DIAZ and other wholesale customers.

9. It was further part of the conspiracy that ROBERTO SANCHEZ caused cash narcotics proceeds to be delivered to JAVIER CHAVEZ in Califonia using RAUL GALLEGOS-ROJAS or other couriers to transport the cash narcotics proceeds hidden or "trap" compartments in vehicles.

10. It was further part of the conspiracy that defendants and other co-conspirators possessed firearms to advance the conspiracy's objectives of selling cocaine and to protect the cash narcotics proceeds of the cocaine sales.

11. It was further a part of the conspiracy that defendants and other co-conspirators, would and did conceal and hide and cause to be concealed and hidden the purposes of the acts done in furtherance of the conspiracy, and would and did use surveillance, counter-surveillance techniques, coded language and other means to avoid detection and apprehension by law enforcement authorities and otherwise to provide security

to the members of the conspiracy;

All in violation of Title 21, United States Code, Section 846, and Title 18, United States Code, Section 2.

## COUNT TWO

The SPECIAL MARCH 2007 GRAND JURY further charges:

On or about April 13, 2008, at Chicago, in the Northern District of Illinois, Eastern Division,

>    RAUL GALLGOS-ROJAS, also known as "Uncle," and
>    JAVIER CHAVEZ, also known as "Cabezon;"

defendants herein, did knowingly and intentionally distribute a controlled substance, namely, five kilograms or more of mixtures and substances containing cocaine, a Schedule II Narcotic Drug Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT THREE

The SPECIAL MARCH 2007 GRAND JURY further charges:

On or about April 13, 2008, at Chicago, in the Northern District of Illinois, Eastern Division,

ROBERTO SANCHEZ, also known as "Beto;"

defendant herein, did knowingly and intentionally possess with intent to distribute a controlled substance, namely, five kilograms or more of mixtures and substances containing cocaine, a Schedule II Narcotic Drug Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT FOUR

The SPECIAL MARCH 2007 GRAND JURY further charges:

On or about May 6, 2008, at Chicago, in the Northern District of Illinois, Eastern Division,

MARIO DIAZ, also known as "Freddie;"

defendant herein, did knowingly and intentionally possess with intent to distribute a controlled substance, namely, five hundred grams or more of mixtures and substances containing cocaine, a Schedule II Narcotic Drug Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT FIVE

The SPECIAL MARCH 2007 GRAND JURY further charges:

On or about June 17, 2008, at approximately 8:27 p.m. (calls 242-243-PTT on Target Telephone 13), in the Northern District of Illinois, Eastern Division,

> ROBERTO SANCHEZ, also known as "Beto," and
> JAVIER CHAVEZ, also known as "Cabezon;"

defendants herein, knowingly and intentionally used a communication facility, namely a telephone, in committing and in causing and facilitating the commission of a felony violation of Title 21, United States Code, Section 846, namely, conspiracy to possess with the intent to distribute and to distribute a controlled substance as charged in Count One of this Superseding Indictment;

In violation of Title 21, United States Code, Section 843(b).

## COUNT SIX

The SPECIAL MARCH 2007 GRAND JURY further charges:

On or about June 24, 2008, at approximately 3:18 p.m. (calls 342-PTT on Target Telephone 13), in the Northern District of Illinois, Eastern Division,

> ROBERTO SANCHEZ, also known as "Beto," and
> JAVIER CHAVEZ, also know as "Cabezon,"

defendants herein, knowingly and intentionally used a communication facility, namely a telephone, in committing and in causing and facilitating the commission of a felony violation of Title 21, United States Code, Section 846, namely, conspiracy to possess with the intent to distribute and to distribute a controlled substance as charged in Count One of this Superseding Indictment;

In violation of Title 21, United States Code, Section 843(b).

## COUNT SEVEN

The SPECIAL MARCH 2007 GRAND JURY further charges:

On or about June 25, 2008, at approximately 3:24 p.m. (calls 342-PTT on Target Telephone 13), in the Northern District of Illinois, Eastern Division,

>ROBERTO SANCHEZ, also known as "Beto," and
>JAVIER CHAVEZ, also known as "Cabezon;"

defendants herein, knowingly and intentionally used a communication facility, namely a telephone, in committing and in causing and facilitating the commission of a felony violation of Title 21, United States Code, Section 846, namely, conspiracy to possess with the intent to distribute and to distribute a controlled substance as charged in Count One of this Superseding Indictment;

In violation of Title 21, United States Code, Section 843(b).

## COUNT EIGHT

The SPECIAL MARCH 2007 GRAND JURY further charges:

On or about June 28, 2008, at Chicago, in the Northern District of Illinois, Eastern Division,

>    ROBERTO SANCHEZ, also known as "Beto;"
>    RAUL GALLEGOS-ROJAS, also known as "Uncle" and
>    JAVIER CHAVEZ, also known as "Cabezon;"

defendants herein, did knowingly and intentionally possess with intent to distribute a controlled substance, namely, five kilograms or more of mixtures and substances containing cocaine, a Schedule II Narcotic Drug Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## FORFEITURE ALLEGATIONS

The SPECIAL MARCH 2007 GRAND JURY further charges:

1. The allegations of Counts One through Eight of this Superseding Indictment are realleged and fully incorporated herein for the purpose of alleging forfeiture to the United States, pursuant to the provisions of Title 21, United States Code, Section 853.

2. As a result of the offense alleged in Count One through Eight of this Superseding Indictment,

> ROBERTO SANCHEZ,
> also known as "Beto;"
> RAUL GALLEGOS-ROJAS,
> also known as "Uncle;"
> MARIO DIAZ,
> also known as "Freddie;" and
> JAVIER CHAVEZ,
> also known as "Cabezon;"

defendants herein, have subjected to forfeiture to the United States, pursuant to Title 21, United States Code, Section 853(a)(1) and (2), the following property and interests: All property constituting or derived from the proceeds the defendants obtained, directly or indirectly, as a result of their violation of Title 21, United States Code, Section 846, as charged in Count One of this Indictment; and all property used or intended to be used in any manner or part to commit or facilitate the commission of said violations.

3. The interests of the defendants subject to forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, include, but are not limited to $900,000 in United States currency representing proceeds of the narcotics distribution

organization, and the following property:

    a. a 1999, black Ford F-150, bearing Illinois license plate number 85-726N and a VIN of 1FTRX07L4XKB55541

    b. a .22 caliber "Short" Colt hand gun, bearing serial number #9057D;

    c. Desert Eagle 9mm pistol, bearing serial number #38302245;

    d. Desert Eagle 9mm pistol, bearing serial number #38304361;

    e. Glock 9mm pistol bearing, serial number #GDF650;

    f. Glock 9mm pistol bearing, serial number #GVH006;

    g. Magazine containing 28 9 mm bullets;

    h. Magazine containing 28 9 mm bullets;

    i. Magazine containing 16 9 mm bullets;

    j. 15 9 mm bullets; 6 .40 cal bullets; 5 .45 cal bullets, 2 boxes of .45 cal bullets, 1 box of 9 mm bullets; and

    k. $3,655 of United States currency seized on June 28, 2008, from ROBERTO SANCHEZ;

4. If any of the property subject to forfeiture pursuant to Title 21, United States Code, Section 853(a), as a result of any act or omission of the defendants:

    a. Cannot be located upon the exercise of due diligence;

    b. Has been transferred or sold to, or deposited with, a third person;

    c. Has been placed beyond the jurisdiction of the Court; or

    d. Has been commingled with other property which cannot be subdivided without difficulty.

it is the intent of the United States to seek forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p).

All pursuant to Title 21, United States Code, Section 853.

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY