UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No.  08 CR 521 |
| | ) | |
| v. | ) | |
| | ) | Judge Suzanne B. Conlon |
| ROBERTO SANCHEZ, et al. | ) | |

**GOVERNMENT'S CONSOLIDATED MOTIONS *IN LIMINE***

The United States of America, by its attorney, Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, respectfully submits its motions *in limine* seeking pretrial rulings on the admissibility of certain evidence and the propriety of certain arguments as follows.

**I.    Inadmissibility of Penalties Faced by Defendant**

The government moves this Court to preclude defendant from introducing evidence, making argument, or otherwise mentioning the potential penalties faced by defendant if convicted. The Seventh Circuit unequivocally has held that "arguing punishment to a jury is taboo." *See, e.g., United States v. Richardson*, 130 F.3d 765, 778 (7th Cir. 1997); *United States v. Lewis*, 110 F.3d 417, 422 (7th Cir. 1997); *see also United States v. McKenzie*, 922 F.2d 1323, 1327 (7th Cir. 1991) (holding that "the sixth amendment requires that a jury determine questions of guilt or innocence; punishment is the province of the Court").  Such argument or evidence concerning punishment is improper because the law is well-settled that the potential penalty faced by a defendant is irrelevant to the jury's determination of guilt or innocence. *See, e.g., Shannon v. United States*, 512 U.S. 573, 579  (1994) ("It is well established that when a jury has no sentencing function, it should be admonished to 'reach its verdict without regard to what sentence might be imposed.'"), *quoting United States v. Rogers*, 422 U.S. 35, 40 (1975); *United States v. Frank*, 956 F.2d 872, 879 (9th Cir. 1991) ("It has long been the law that it is inappropriate for a jury to consider or be informed of the

consequences of their verdict."); *United States v. McCracken*, 488 F.2d 406, 423 (5th Cir. 1974) ("Except where a special statutory provision mandates a jury role in assessment or determination of penalty, the punishment provided by law for offenses charged is a matter exclusively for the court and should not be considered by the jury in arriving at a verdict as to guilt or innocence."). Mention of the potential penalties faced by defendant would serve only the improper purpose of jury nullification. *See, e.g., United States v. Reagan*, 694 F.2d 1075, 1080 (7th Cir. 1982) ("'The authorities are unequivocal in holding that presenting information to the jury about possible sentencing is prejudicial.'"), *quoting United States v. Greer*, 620 F.2d 1383, 1384 (10th Cir. 1980); *United States v. Patterson*, 1996 WL 54237, at *1 (N.D.Ill. Feb. 8, 1996) (prohibiting discussion of potential penalties in order to avoid possible jury nullification).

**II.     Inadmissibility of Forms of Argument or Evidence Designed to Elicit Jury Nullification**

The government moves this Court to preclude defendant from arguing, or otherwise presenting evidence or pursuing lines of inquiry designed to elicit, jury nullification. The law is plain that it is improper for a defendant to suggest in any way that the jury should acquit a defendant even if it finds that the government has met its burden of proof. *See, e.g., United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996) ("An unreasonable jury verdict, although unreviewable if it is an acquittal, is lawless, and the defendant has no right to invite the jury to act lawlessly. Jury nullification is a fact, because the government cannot appeal an acquittal; it is not a right, either of the jury or of the defendant."), *citing United States v. Kerley*, 838 F.2d 932, 938 (7th Cir. 1988) and *United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993); *see also United States v. Bruce*, 109 F.3d 323, 327 (7th Cir. 1997) ("Jury nullification 'is not to be positively sanctioned by instructions,' but is to be viewed as an 'aberration under our system.'"), *quoting United States v. Anderson*, 716 F.2d 446, 450

(7th Cir. 1983); *see generally Scarpa v. Dubois*, 38 F.3d 1, 11 (1st Cir. 1994) (noting that "defense counsel may not press arguments for jury nullification in criminal cases"); *Sepulveda*, 15 F.3d at 1190 ("Neither court nor counsel should encourage jurors to exercise [nullification] power. . . . A trial judge, therefore, may block defense attorneys' attempts to serenade a jury with the siren song of nullification."); *United States v. Trujillo*, 714 F.2d 102, 105 (11th Cir. 1983) ("Appellant's jury nullification argument would have encouraged the jurors to ignore the court's instruction and apply the law at their caprice. While we recognize that a jury may render a verdict at odds with the evidence or the law, neither the court nor counsel should encourage jurors to violate their oath"); Seventh Circuit Committee Federal Criminal Jury Instructions 1.01 (1980).

Although the government is unable to anticipate each form of "jury nullification" argument or evidence that defendant may seek to interject into this trial, the government does note the following examples.

**A.      Argument or Evidence of "Outrageous Government Conduct"**

There is an "increasing tendency in criminal cases to try some person other than the defendant and some issues other than his guilt." *United States v. Griffin*, 867 F.Supp. 1347, 1347 (N.D. Ill. 1994) (citation omitted). The "thrust of the defense" in these types of cases "is this: the prosecution was not nice or could have done it better and so the jury ought to acquit, whether or not guilt has been proved beyond a reasonable doubt." *Id*. at 1347. In the face of this increasing tendency to interject themes of "government misconduct" into a defense strategy, courts routinely have granted motions in limine "to bar defendants from presenting evidence or making arguments to the jury suggesting that they should be acquitted because the government engaged in misconduct in the course of its investigation." *United States v. Shields*, 1991 WL 236492, at *3 (N.D. Ill. Aug.

13, 1991); *United States v. Finley*, 708 F. Supp. 906, 913-914 (N.D. Ill. 1989) (granting motion *in limine* to preclude evidence "which is not relevant to defendants' guilt but is designed only to persuade the jury that defendants should be acquitted because the government engaged in misconduct during its investigation."); *United States v. Katz*, 1992 WL 137174, at *5 (N.D. Ill. 1992).

The impropriety of arguing allegations of governmental misconduct to the jury is twofold. First, and most fundamentally, the Seventh Circuit has rejected the outrageous government conduct defense and has held that such claims afford no defense to a criminal prosecution as a matter of law. *See United States v. Boyd*, 55 F.3d 239, 241-42 (7th Cir. 1995). *Boyd* is unequivocal in its holding that "outrageous government conduct" is no defense to a criminal charge, and the jury thus should not be exposed to irrelevant allegations of this sort. Second, even before the *Boyd* decision, this Circuit held that the issue of government misconduct was a matter of law for determination by the court: "the issue of outrageous government conduct is not an issue for the jury." *United States v. Swiatek*, 819 F.2d 721, 726 (7th Cir. 1987) (noting that every circuit which has considered the issue has held that the issue is not a jury question) (citations omitted); *see also Katz*, 1992 WL 137174, at *5 ("[T]he government is right in attempting to preclude any argument by [defendant] before the jury that the government's conduct in investigating and prosecuting this case is outrageous."); *United States v. D'Arco*, 1991 WL 264504 (N.D.Ill. Oct. 18, 1991); *Shields*, 1991 WL 236492, at *3; *Finley*, 708 F. Supp. at 913-914.

**B.   Argument or Questioning about the Motivation for Investigating or Prosecuting this Case**

Evidence bearing on the government's decision to prosecute is "extraneous and collateral" and thus excluded from trial. *See United States v. Johnson*, 605 F.2d 1025, 1030 (7th Cir. 1979)

(affirming the exclusion of evidence offered to show that the "indictment was a political instrument");  *United States v. Berrigan*, 482 F.2d 171, 174-76 (3d Cir. 1973) (affirming exclusion of evidence relating to "discriminatory prosecution").  It is settled law that inquiries regarding the subjective intentions or motivations of a government agent are irrelevant to determining the factual guilt or innocence of a defendant.  *See, e.g., United States v. Goulding*, 26 F.3d 656, 667 (7th Cir. 1994) (noting, even in the context of an entrapment defense, it was proper for the trial court not to "allow the defense to mount an inquiry into the mental states of the investigating officers since such an inquiry was irrelevant"); *Katz*, 1992 WL 137174, at *7 (granting government's motion *in limine* to preclude inquiry regarding "[t]he subjective intentions or motivations of the agents involved in this case."); *Shields*, 1991 WL 236492 at *3 (precluding evidence concerning discussions between supervising agent and cooperating witness and noting, "evidence of conversations between the government and its cooperating witness are immaterial; rather what matters is what the witness said to the defendants.").

      **C.**    **Family needs**

While the government acknowledges that defendant is permitted to introduce limited testimony concerning his background, the government moves this Court to preclude evidence and argument regarding defendant's family needs, including any arguments or evidence designed either to infer a motive or excuse for defendant's criminal conduct or to invoke sympathies regarding the impact of a conviction upon defendant's family.  Such evidence is irrelevant to defendant's factual guilt and is designed for no other purpose than to invoke improper appeals for jury nullification.  Accordingly, such evidence or argument is properly excluded.  *See, e.g., D'Arco*, 1991 WL 26504, at *4 (holding that "no testimony or argument will be allowed regarding the impact of the trial or

5

possible conviction upon a family member"); *Shields*, 1991 WL 236492, at *4 (granting motion in limine precluding "any testimony regarding the possible impact which a conviction might have upon any family member").

### III. Impropriety of Discovery Requests or Commentary Regarding Discovery in Presence of Jury

The government moves to preclude counsel from requesting discovery from witnesses or opposing counsel, moving the Court for such discovery, or otherwise commenting on discovery matters, in the presence of the jury. Such requests from counsel in front of the jury are inappropriate and may create the impression that one side has suppressed information as a means of seeking an unfair advantage. In fact, as often happens, counsel's requests are ill-founded because the discovery has already been tendered or is not subject to disclosure. In any event, these requests, if appropriate, can easily be made to the Court or opposing counsel outside the presence of the jury with no prejudice resulting to either side. Accordingly, the government moves that requests for discovery or comments relating to discovery be made outside the presence of the jury. This system has been used in other cases in this District and has worked well. The government believes it is a fair and sensible one to employ here. *See generally Thompson v. Glenmede Trust Co.*, 1996 WL 529693, at *2 (E.D.Pa. 1996) ("Rather than focus on the issues in the case, the jury may instead be misled by the irrelevant side issues of the discovery process. Therefore, the Court will not permit either party to refer to the discovery process in the presence of the jury at trial.").

### IV. Inadmissibility of Evidence and Argument of Lawfulness and Non-Corrupt Conduct

The government moves the Court to exclude all evidence offered by defendant of his lawfulness and/or non-corrupt conduct, except reputation or opinion evidence offered by character

witnesses strictly in accord with the limitations of Federal Rule of Evidence 405(a).[1] Other than testimony from character witnesses fitting within the narrow confines of Rule 405(a), no such evidence is admissible.

In an effort to distract the jury from the charges with which defendant has been charged, defendant may seek to parade witnesses through the courtroom to testify that on prior occasions defendant acted lawfully. Any evidence or argument of this sort is inadmissible, and the Court should exclude it. The law is clear: "A defendant may not seek to establish his innocence . . . through proof of the absence of criminal acts on [other] specific occasions." *United States v. Scarpa,* 897 F.2d 63, 70 (2d Cir. 1990) (excluding taped proof that defendants met regularly and did not discuss criminal activity). Evidence of other lawful behavior is irrelevant because acts of honesty do not prove an absence of dishonest acts. *See, e.g., id.; United States v. Beno*, 324 F.2d 582, 589 (2d Cir. 1963) ("Evidence of noncriminal conduct to negate the inference of criminal conduct is generally irrelevant."); *United States v. Grimm*, 568 F.2d 1136, 1138 (5th Cir. 1978) (upholding exclusion of evidence that used car dealer paid for some cars instead of stealing them).

To hold otherwise would be to eviscerate the carefully drafted limitations of Rule 405, which forbids proof of good character through evidence of specific acts where character is not an element of the charge or defense. *See Beno*, 324 F.2d at 584, 587. Like Rule 403, Rule 405 is intended to

---

[1] Even evidence offered under Rule 405(a), of course, cannot include specific instances of good conduct: it is limited to a description of the subject's reputation or to a brief statement of opinion, without support from specific instances of conduct. *See* Advisory Committee Notes to Rule 405 (The rule "contemplates that testimony of specific instances is not generally permissible on direct examination of an ordinary opinion witness to character . . . . [O]pinion testimony on direct in these situations ought in general to correspond to reputation testimony as now given, *i.e.* be confined to the nature and extent of observation and acquaintance upon which the opinion is based").

prevent the series of wasteful "mini-trials" which would inevitably ensue if defendants were allowed to pursue this irrelevant line of inquiry. The Advisory Committee Notes for Rule 405 conclude that proof of character by means of specific acts "possesses the greatest capacity to arouse prejudice, to confuse, to surprise, and to consume time." *See, e.g., Grimm*, 568 F.2d at 1136 (evidence of lawful transactions "could have complicated the case and confused the jury").

**V.    Argument or Evidence of Entrapment or Alibi**

The government respectfully moves *in limine* to preclude defendant from arguing or otherwise presenting evidence predicated on entrapment or alibi. Defendant has not indicated an intent to raise such a defense, and such defenses should thus be precluded at trial.

**A. Entrapment**

The Seventh Circuit has held that in cases in which a defendant cannot set forth prima facie evidence sufficient to demonstrate a viable entrapment issue, pretrial rulings barring the presentation of the defense at trial are proper. *See e.g. Santiago-Godinez*, 12 F.3d at 725-29 (7th Cir. 1993); *United States v. Johnson*, 32 F.3d 304, 307-08 (7th Cir. 1994). "As a prerequisite for presenting the defense of entrapment to the jury, the defendant must produce sufficient evidence upon which a rational jury could have inferred that he was entrapped into committing the crime charged. . . . Only if a defendant meets this threshold burden is he entitled to present the question of entrapment to the jury for resolution." *Santiago*, 12 F.3d at 727 (citations omitted). Because defendant bears an evidentiary burden before he is entitled to argue entrapment, trial judges in this District have routinely prohibited defense counsel from arguing entrapment "unless and until sufficient evidence has been presented to create a jury issue as to entrapment." *United States v. Finley*, 708 F. Supp 906, 914 (N.D. Ill. 1989); *United States v. Shields*, 1991 WL 236492 at *3 (N.D. Ill. 1991); *United States*

*v. Katz*, 1992 WL 137174 at *8 (N.D. Ill. 1992).  A pretrial ruling in this regard ensures that irrelevant evidence or improper argument is not introduced at trial.

On the facts of this case, defendant cannot, by proffer or otherwise, set forth the requisite threshold showing of a plausible basis for an entrapment theory of defense.[2]  Accordingly, any suggestion of entrapment would be improper as a matter of law and should be precluded from this trial.

The defense of entrapment requires proof of two elements:  (1) government inducement of the crime, and (2) a lack of predisposition on the part of the defendant to engage in the criminal conduct.  *Santiago*, 12 F.3d at 727.  "For the defendant to raise the entrapment defense, he must produce evidence of both the government's inducement and his own lack of predisposition." *Id.* at 728.  In this case, defendant can present evidence on either prong sufficient to support a litigable issue of entrapment.

First, with respect to inducement, evidence of conversations between defendant, defendant Troutman and witnesses, some of which are described in the government's *Santiago* proffer filed in this case, demonstrates that  defendant participated in a mail fraud scheme And committed acts of bribery.  In such circumstances, the Seventh Circuit has repeatedly emphasized that governmental authorities do not entrap a defendant merely by offering the defendant an opportunity to commit the charged crimes.  *See United States v. Lakish*, 23 F.3d 1203, 1208 (7th Cir. 1994) ("A defendant cannot establish that he was entrapped merely by demonstrating that a government agent solicited

---

[2] If defendant believes that there exists evidence that would support an entrapment defense, the government proposes that defendant submit the evidence to the Court pretrial by way of proffer so that the Court may consider that evidence when ruling on the government's motion. *See e.g., United States v. Santiago-Godinez*, 12 F.3d 722, 725-29 (7th Cir. 1993) (ruling pretrial based on defense proffer that proposed entrapment defense insufficient as a matter of law).

9

him or provided him with an opportunity to commit the crime."); *United States v. Blackman*, 950 F.2d 420, 424 (7th Cir. 1991) (same); *Santiago*, 12 F.3d at 729 (same). Rather, a defendant asserting an entrapment defense must put forward evidence of "extraordinary inducements." *United States v. Evans*, 924 F.3d 714, 717 (7th Cir. 1991). In the present case, defendant cannot plausibly demonstrate the "extraordinary inducement" necessary to entitle him to pursue an entrapment defense.

Similarly, as to the issue of a lack of predisposition, both the testimonial and documentary evidence in the case will establish that defendant engaged in criminal conduct during the course of the charged scheme and acts of bribery. Accordingly, defendant will similarly prove unable to demonstrate lack of predisposition.

Insofar as defendant is unable to make a prima facie showing of the requisite inducement and lack of predisposition, the Court should preclude any suggestion of entrapment, either by argument or evidence, in this case. A ruling along these lines will avoid juror confusion and prevent the introduction of irrelevant and potentially prejudicial evidence.

### B. Alibi

Federal Rule of Evidence 12.1 requires that defendant comport with various notification and disclosure requirements in the event he intends to pursue an alibi defense at trial. Fed. R. Evid. 12.1. To date, defendant has provided no notice in accordance with Rule 12.1, despite written demand that he does so. Accordingly, theories of defense predicated upon an alibi should be precluded at trial.

## VI.    Testimony Concerning the Title III Wiretap

The government will introduce testimony concerning the Court-approved Title III wiretap and recorded conversations from the wiretap. To date, there have been no challenges to the legality

of the Title III Wiretap. Accordingly, the government moves to preclude cross examination concerning the lawfulness of the wiretap. This is an issue that the Court, rather than the jury must decide, and there is no justification for permitting defense counsel to cross-examine government witnesses, or elicit testimony from defense witnesses, about this issue. Such testimony is not relevant for trial purposes and will serve only to confuse the jury as the real issues in the case.

**VI.   Challenges Regarding Specific Wiretap Phone Calls**

No later than two weeks prior to trial, the government will provide defense counsel with a preliminary list of all of the calls the government anticipates using at trial. Defense counsel were recently provided with preliminary draft transcripts of all calls intercepted over the wires.

The government would like to resolve in advance of trial any objections to any of the call. Accordingly, the government respectfully requests that this court order defendants to file any objections to any particular calls or call in advance of trial so that the government may respond and the Court may rule prior to trial.

Also, given the lengthy nature of some of the calls, in the interest of efficiency at trial, the government will transcribe and only intends to play the portions of those calls the government has deemed relevant. If the defense has any objections to the playing of a portion of a particular call, the government respectfully requests that the court order the defendants to raise such objection in advance of trial so that the issue can be resolved promptly.[3]

---

[3]The government anticipates providing draft transcripts of the calls we intend to use as they become available and final transcripts one week prior to trial.

**VII.    Conclusion**

For the aforementioned reasons, the government respectfully requests that its motion *in limine* be granted.

>                          Respectfully submitted,
>
>                          PATRICK J. FITZGERALD
>                          United States Attorney
>
>
>                   By:    /s/ Lela D. Johnson
>                          LELA D. JOHNSON
>                          RENATO T. MARRIOTTI
>                          Assistant United States Attorneys
>                          (312) 353-4320

Date: August 18, 2008

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that the following document:

## GOVERNMENT'S CONSOLIDATED MOTIONS *IN LIMINE*

was served on August 18, 2008, in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

/s/ Lela D. Johnson
LELA D. JOHNSON
Assistant United States Attorney
219 S. Dearborn Street, 5th Floor
Chicago, Illinois
(312) 353-4320